# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-01535 MMM (CFEx) | Date | April 3, 2012 |

| | |
|---|---|
| Title | *Amethyst Worldwide Limited, et al. v. Scottish Mutual International, PLC, et al.* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**.

## I. BACKGROUND

On February 22, 2011, plaintiffs Amethyst Worldwide Limited ("Amethyst") and Berenice Kaplan ("Kaplan") filed this action against defendants Scottish Mutual International, PLC ("Scottish Mutual"), Anglo Irish Bank Corporation PLC ("Anglo Irish Bank"), Andrew Peat ("Peat"), Andrew Peat Group Holdings, B.V. ("Peat Holdings"), and Clerical Medical Investment Group Limited ("Clerical Group"), invoking the court's diversity jurisdiction.[1] The complaint alleges claims under state law for securities fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy to defraud, violation of Business & Professions Code §§ 17200 and 17500, and fraud.[2] Defendants have filed motions to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, which are currently set for hearing on Monday, April 9, 2012.

---

[1] Complaint, Docket No. 1 (Feb 22, 2011).

[2] *Id*., ¶¶ 69-114.

## II.  DISCUSSION

### A.  Legal Standard Governing Diversity Jurisdiction Where Parties are Not Citizens of the United States

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States . . . in which citizens or subjects of a foreign state are additional parties. . . ."  28 U.S.C. § 1332.  For the court to have diversity jurisdiction, there must be complete diversity, i.e, all plaintiffs must have citizenship different from all defendants.  *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, n. 3 (1996).  Absent unusual circumstances, a party seeking to invoke diversity jurisdiction must affirmatively allege the parties' citizenship.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A person is a citizen of his or her state of domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely."  *Id.* at 749-50 (citations and internal quotations omitted; insertion original).  A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business.  *See Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 773-74 (9th Cir. 1992).

Under § 1332(a)(3), the presence of aliens on both sides of an action does not defeat complete diversity if citizens of the United States who satisfy the diversity requirement are plaintiffs and defendants.  See *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298-99 (9th Cir. 1985); 28 U.S.C. § 1332(a)(3) (diversity jurisdiction extends to actions between "citizens of different States . . . in which citizens or subjects of a foreign state are additional parties").  Diversity jurisdiction does not exist, however, where an alien plaintiff sues alien defendants.  This is true even if a citizen is joined as a plaintiff.  See *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) ("[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, such as an action between NIL and these alien defendants.  Nike's presence as a plaintiff does not salvage jurisdiction because diversity must be complete"); see also *Faysound Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (the presence of a citizen defendant does not save jurisdiction as to an alien defendant in an action brought by an alien plaintiff).  A federal court, therefore, does not have diversity jurisdiction where there are aliens on both sides of the action unless there are U.S. citizens on both sides as well.

### B.  Whether Plaintiff Has Established That the Court Has Diversity Jurisdiction Here

The complaint alleges that the amount in controversy exceeds $75,000, and asserts that the

matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332.[3] The complaint fails adequately to allege the citizenship of any party, however. It pleads that plaintiff Amethyst is a private limited company organized "under the laws of a foreign jurisdiction,"[4] and that plaintiff Kaplan is a California "resident," and the sole shareholder and director of Amethyst.[5] The complaint alleges that defendants Scottish Mutual, Anglo Irish Bank, and Clerical Group are each a "corporation organized under the laws of a foreign jurisdiction."[6] It asserts that defendant Andrew Peat "is an individual residing in a foreign jurisdiction,"[7] and that defendant Peat Holdings "was a business entity, formed under the laws of the Netherlands."[8] *None* of these allegations clarifies the domicile or citizenship of the individual parties, or the principal places of business of the corporate parties.

Even accepting the complaint's conclusory jurisdictional allegations as true, subject matter jurisdiction still appears to be lacking. As alleged, there are aliens on both sides of the action – Amethyst is purportedly organized "under the laws of a foreign jurisdiction," and none of the defendants is alleged to be a U.S. citizen or corporation. Complete diversity is thus lacking. See *Nike*, 20 F.3d at 991 ("Nike's presence as a plaintiff does not salvage jurisdiction because diversity must be complete"); see also *Saadeh v. Farouki*, 107 F.3d 52, 61 (D.C. Cir. 1997) ("We . . . conclude that the 1988 amendment to § 1332 did not confer diversity jurisdiction over a lawsuit between an alien on one side, and an alien and a citizen on the other side, regardless of the residence status of the aliens"); *Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America, LLC*, Civil No. 10cv00772 AJB (MDD), 2011 WL 6396595, *6 (S.D. Cal. Dec. 20, 2011) ("The Ninth Circuit finds a lack of complete diversity when an alien plaintiff sues an alien and a U.S. defendant because an alien plaintiff is a citizen of the same state as an alien defendant"); *Alperin v. Franciscan Order*, No. C-99-4941 MMC, 2009 WL 2969465, *2 (N.D. Cal. Sept. 11, 2009) ("Additionally, where there are aliens on both sides of the action, jurisdiction is not 'salvage[d]' by the presence of a domestic plaintiff . . . unless, pursuant to § 1332(a)(3), a diverse domestic defendant is present as well").

Finally, the failure to allege Kaplan's citizenship clearly may destroy complete diversity. While a lawful permanent resident typically has the citizenship of his or her state of domicile, 28 U.S.C. § 1332(a), courts have held that the statute does not allow suits between a permanent resident alien and a non-resident alien. See, e.g., *Van Der Steen v. Sygen Intern., PLC*, 464 F.Supp.2d 931, 936 (N.D. Cal. 2006) ("Because a plain reading of § 1332(a) would unconstitutionally extend federal jurisdiction to allow a suit solely between aliens, and because such an interpretation would be contrary

---

[3] *Id.*, ¶ 1.

[4] *Id.*, ¶ 8.

[5] *Id.*

[6] *Id.*, ¶¶ 9, 10, 13.

[7] *Id.*, ¶ 11.

[8] *Id.*, ¶ 12.

to the legislative intent behind the 1988 Amendment, this Court declines to construe the statute as conferring federal jurisdiction in cases involving only aliens on both sides"); *Matsuda v. Wada*, 128 F.Supp.2d 659, 665 (D. Haw. 2000) (stating that it is necessary to adopt an interpretation of § 1332(a) that does not allow for diversity jurisdiction in suits between permanent resident aliens and non-resident aliens because to do otherwise would require an unconstitutional reading of the statute); *Helmut J. Unkel Ltd. v. Tay*, C-94-20573 RMW (EAI), 1995 WL 55330, *1 (N.D. Cal. 1995) ("Despite an arguable reading of the 1988 Amendment [to § 1332(a)] as authorizing suits between a nonresident alien and an alien with permanent residence in a state, such suits were not intended to be covered by the amendment and are probably unconstitutional," citing *Arai v. Tachibana*, 778 F.Supp. 1535, 1540-41 (D. Haw. 1991)). Kaplan is alleged merely to be a California "resident"; if she were lacks U.S. citizenship, the fact that she is named as a defendant would also deprive the court of jurisdiction.

### III.  CONCLUSION

For the reasons stated, the court directs plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction on or before **Monday, April 16, 2012**. Defendants may file a response to plaintiffs' pleading on or before **Monday, April 23, 2012.**

The court vacates the motion hearing and scheduling conference set for Monday, April 9, 2012. If the parties' responses assure the court that it has subject matter jurisdiction to hear the action, it will place the motion hearing and scheduling conference back on calendar and notify the parties of the new date.